UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ALTERYX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                         MDL No. 2825


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiff in the Central District of California *Kacur* action moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. All responding parties support the motion, including defendant Alteryx, Inc. This litigation consists of three actions pending in three districts, as listed on Schedule A.[1]

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Although all responding parties support centralization, the Panel has an institutional responsibility that goes beyond accommodating the particular wishes of the parties. These actions share factual allegations concerning an incident in which defendant exposed and allowed unauthorized access to a database file containing sensitive consumer data. Despite the overlap in factual and legal issues among these cases, we find that Section 1407 centralization is not necessary. Where only a few actions are involved, the proponents of centralization bear a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Proponents of centralization point out that these actions involve overlapping putative classes, and argue generally that centralization will prevent overlapping discovery and inconsistent pretrial rulings. But we are not persuaded that the discovery needed in this litigation is sufficiently complex to warrant centralization of a small number of actions. We find, therefore, that cooperation among the few involved courts and counsel appears to be a workable alternative to centralization.

---

[*] Judge Lewis A. Kaplan took no part in the disposition of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel also has been notified of one potentially-related action pending in the Central District of California.

-2-

We have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). All responding parties support centralization in the Central District of California. Transfer under Section 1404 to a single, agreed-upon district appears to be a viable option to place the cases before a single judge for all purposes.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

IN RE: ALTERYX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION	MDL No. 2825

## SCHEDULE A

<u>Central District of California</u>

KACUR v. ALTERYX, INC., C.A. No. 8:17-02222

<u>District of Nevada</u>

FOSKARIS v. ALTERYX, INC., C.A. No. 2:17-03088

<u>District of Oregon</u>

JACKSON v. ALTERYX, INC., C.A. No. 3:17-02021